NICOLE R. MCATEE, CA Bar No. 288700
nicole.mcatee@ogletree.com
CARMEN M. AGUADO, CA Bar No. 291941
carmen.aguado@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
MYDATT SERVICES, INC., d/b/a BLOCK BY BLOCK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SIBRIAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>MYDATT SERVICES, INC., d/b/a BLOCK BY BLOCK, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-02865<br><br>**DECLARATION OF NICOLE R. MCATEE IN SUPPORT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Removal of Civil Action to United States District Court; Certification of Interested Parties and Disclosure Statement; Declaration of William Stejskal in Support of Removal]<br><br>Complaint Filed: February 5, 2021<br>Trial Date:        None<br>District Judge:    Not Assigned<br>Magistrate Judge: Not Assigned |

# DECLARATION OF NICOLE R. MCATEE

I, Nicole R. McAtee, declare and state as follows:

1.  I am an attorney licensed to practice law before all courts of the State of California. I am an attorney at the law firm Ogletree, Deakins, Nash, Smoak and Stewart, P.C., counsel for defendant Mydatt Services, Inc., d/b/a Block by Block ("Mydatt"). I make this declaration in support of Mydatt's Removal of Civil Action to United States District Court ("Removal"). The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.  I am experienced in representing employers in single plaintiff employment matters as well as wage-and-hour actions brought pursuant to provisions of the California Labor Code. In connection with my experience working on wage-and-hour matters, I analyze data provided by clients in order to calculate the potential amount in controversy, and I direct and oversee the work of other personnel in my firm in that process. I am proficient with Microsoft Excel and have a good working knowledge of the formulas required to calculate the amount in controversy for each type of claim regularly encountered in wage-and-hour class actions brought pursuant to California law, as well as the substantive law regarding damages available for such claims.

3.  On February 5, 2021, Plaintiff Ronald Sibrian filed a Complaint ("Complaint") against Mydatt. The Complaint alleges 11 causes of action against Mydatt: (1) Age Discrimination in violation of Government Code section 12940 *et seq.*; (2) Disability Discrimination in violation of Government Code section 12940 *et seq.*; (3) Discrimination on the Basis of Engagement in Protected Conduct in violation of Government Code section 12940 *et seq.*; (4) Failure to Accommodate in violation of Government Code section 12940(m); (5) Failure to Engage in the Interactive Process in violation of Government Code section 12940(n); (6) Failure to Prevent Discrimination in violation of Government Code section 12940(k); (7)

1  Retaliation in violation of Government Code section 12940(h); (8) wrongful
2  termination; (9) meal and rest break violations of Labor Code section 226.7; (10)
3  failure to pay overtime; (11) violation of Business and Professions Code section
4  17200 *et seq*. Attached hereto as **Exhibit A** is a true and correct copy of the
5  Complaint.

6      4.    Mydatt was served with the Summons and Complaint on March 3,
7  2021, and filed an Answer on April 1, 2021. Pursuant to 28 U.S.C. § 1446(a), a true
8  and correct copy of any and all process, pleadings and orders served upon Mydatt are
9  attached as **Exhibit B.** Additionally, a true and correct copy of any and all process,
10 pleadings and orders served upon Plaintiff are attached as **Exhibit C.**

11     5.    Based on information and belief, Plaintiff worked for Mydatt as an
12 Operations Manager from December 29, 2014, to July 5, 2016, and October 4, 2017,
13 to March 25, 2019. I used Excel to calculate that between December 29, 2014, to
14 July 5, 2016, and between October 4, 2017, to March 25, 2019, there are a combined
15 total of approximately 155 weeks. Thus, Plaintiff worked for Mydatt as an
16 Operations Manager for approximately 155 weeks or 2.9 years.

17     6.    The statute of limitations for Plaintiff's meal and rest break claim
18 (Plaintiff's ninth claim) is four (4) years. Thus, the outer limit of Plaintiff's claim is
19 February 5, 2017 (4 years before Plaintiff filed his complaint). However, Plaintiff did
20 not work for Mydatt until October 2017. Thus, the relevant time period for Plaintiff's
21 meal and rest break claim is October 4, 2017, to March 25, 2019. I used Excel to
22 calculate that between October 4, 2017, to March 25, 2019, there are a total of
23 approximately 76 weeks.

24     7.    Thereafter, I determined that if Plaintiff were owed 1 meal premium for
25 each week that he worked and 1 rest break premium for each week that he worked,
26 the combined total of meal and rest break premiums that he would be owed would be
27 $4,408 ([$29 for his meal premium x 76 weeks] + [$29 for his rest premium x 76
28 weeks]).

8. Additionally, I determined that if Plaintiff indeed was not compensated for, on average, 15 hours of overtime per week that he worked during the relevant time period, he would be owed $49,590 ($43.50 [Plaintiff's overtime rate based on his asserted hourly rate of $29 per hour] x 15 hours x 76 weeks [the number of weeks worked by Plaintiff from October 4, 2017, and March 25, 2019]).

9. In the process of preparing this Removal, I reviewed jury verdicts from the last three (3) years in employment matters that involved claims of disability discrimination and retaliation, including but not limited to the following matters:

(a) *Samson v. Wells Fargo Bank, National Association*, Case No. 2:16CV04839, filed in the United States District Court, Central District of California. The matter was tried in March, 2020, and the plaintiff was awarded $50,000 for non-economic damages. *See* JVR No. 2004160018, 2020 WL 1890594.

(b) *Benart v. DA Defense Logistics HQ, LLC*, Case No. CIVDS-16-04978, filed in the Superior Court of San Bernardino County, California. The matter was tried in November, 2019, and the plaintiff was awarded $331,700 for non-economic damages. *See* JVR No. 2004090028, 2019 WL 8378439.

(c) *Davis* v. *California Department of Corrections and Rehabilitation*, Case No. BLC-16-00150, filed in the Superior Court of Riverside County, California. The matter was tried in November, 2019, and the jury awarded the plaintiff $600,000 in non-economic damages.

(d) *Torres v. Employment Development Department,* Case No. CGC-17-560478, filed in the Superior Court of San Francisco County, California. The matter was tried in October, 2019, and the plaintiff was awarded $245,000 for non-economic damages. *See* JVR No. 2005220014, 2019 WL 8884265.

(e) *Cordero v. Catwalk to Sidewalk Inc.*, Case No. VC066042, filed in the Superior Court of Los Angeles County, California. The matter was tried in September, 2019, and the plaintiff was awarded $160,000 for non-economic damages. *See* JVR No. 1910150029, 2019 WL 5197104.

10. Based on my research and eight (8) years of experience in representing employers in single plaintiff employment cases, it is my belief and understanding that California juries routinely award significant sums for non-economic damages to plaintiffs.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 2, 2021, in Los Angeles, California.

*/s/ Nicole McAtee*

Nicole R. McAtee

46582512.1